■ In the Matter of ETHEL J. HENDEL, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Proceeding pursuant to Executive Law § 298 to review an order and determination of the New York State Division of Human Rights, dated July 19, 1984, which found that there was no probable cause to believe that the respondent Medical Offices of Noah Weg, M.D., engaged in an unlawful discriminatory practice relating to employment and dismissed petitioner's complaint.

Petition granted to the extent that the order and determination are annulled, on the law, without costs or disbursements, and matter remitted to the New York State Division of Human Rights for further proceedings consistent herewith.

Petitioner was hired by respondent Dr. Weg when she was 59 years of age. She was discharged by Dr. Weg approximately one year later. Petitioner commenced this proceeding by filing a complaint with the New York State Division of Human Rights, alleging that her employment was terminated approximately three weeks short of her eligibility for Dr. Weg's retirement and pension plan, when Dr. Weg realized the great expense of putting a 60-year-old woman on that plan. In reply,

Dr. Weg asserted that petitioner was discharged because her performance was unsatisfactory.

"Upon filing of a complaint with the New York State Division of Human Rights, the regional director of the office in which it is filed must make a prompt and fair investigation to determine whether there is probable cause to believe the charged parties have committed illegal discrimination" *(Soellner v State Div. of Human Rights,* 100 AD2d 876, 877, citing Executive Law § 297 [2]; 9 NYCRR 465.6 [a]). While the investigation need not be extensive, it must not be so abbreviated and one-sided that it results in a record which does not afford a reasonable basis for the administrative determination *(Matter of Tirino v Long. Is. Jewish-Hillside Med. Center,* 99 AD2d 513).

The Division's investigation in this case was so one-sided and abbreviated that the determination of no probable cause must be overturned as capricious *(see, Matter of Piekielniak v New York State Dept. of Health,* 90 AD2d 585).

The "investigation" consisted of no more than an examination of the papers submitted by the parties. There was no conference. The determination was apparently based solely on the belief that since Dr. Weg knew that petitioner was 59 years old when he hired her, it was unlikely that he would terminate her because of her age. However, if it is true, as petitioner claims, that her employment was terminated because Dr. Weg became aware that it was expensive to have a 60-year-old woman on his retirement and pension plan, then Dr. Weg would be guilty of an unlawful discriminatory practice. Aside from his own self-serving statements, Dr. Weg presented no proof in support of his claim that petitioner's work was unsatisfactory. Accordingly, the matter is remitted to the Division for further investigation, including a conference if necessary. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.