■ In the Matter of ROBERT STEWART, Appellant, v NEW
YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—
In a proceeding pursuant to Executive Law § 298 to review an
order of the New York State Division of Human Rights, dated
August 23, 1985, which found that there was no probable

cause to believe that the respondent Waldbaum's, Inc. had engaged in an unlawful discriminatory practice against the petitioner, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Jones, J.), dated February 3, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

A review of the record as a whole fails to support the petitioner's claim that he was discharged from his position by Waldbaum's, Inc. as a result of his age. While the record also does not support the contention of Waldbaum's, Inc. that the petitioner had a record of poor job performance, it contains substantial evidence to indicate that the company chose to promote another younger employee, but for reasons that had nothing to do with the two workers' ages. The Division's investigator's characterization of the employment decisions as reflected in the conversations taped by the petitioner, as being related to normal company "politics" was not an arbitrary conclusion. The Division's ultimate determination that there was no probable cause to believe age was a factor in these decisions was supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; De Santis v New York State Div. of Human Rights, 114 AD2d 397).

The Division also conducted an adequate investigation of the petitioner's complaint and allegations. This included conferences with both parties, solicitation from each party of responses and replies to the other party's evidence and arguments, and an evaluation of the taped conversations supplied by the petitioner, which evaluations we do not find were one sided. The evidence produced did not contain the type of inconsistencies and unresolved questions that required further scrutiny (see, e.g., State Div. of Human Rights v Gaylord Bros., 112 AD2d 726; Ragnetti v State Div. of Human Rights, 110 AD2d 895). The investigation was not "so abbreviated and one-sided that it resulted in a record which did not afford a reasonable basis for an administrative determination" (Matter of Tirino v Long Is. Jewish-Hillside Med. Center, 99 AD2d 513). Accordingly, the proceeding was properly dismissed. Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.