■ In the Matter of JOHN BAL, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [608 NYS2d 454] —Order, Supreme Court, New York County (Seymour Schwartz, J.), entered August 10, 1992, which denied and dismissed petitioner's CPLR article 78 petition, seeking, *inter alia,* to annul the September 30, 1991 determination of respondent New York State Division of Human Rights (DHR) which dismissed petitioner's complaint against respondent New York City Department of Youth Services for lack of probable cause, unanimously affirmed, without costs.

The discovery, solicitation and disclosure of information regarding petitioner's prior DHR complaint against respondent Wildcat Service Corporation took place after the effective date of termination of petitioner's employment with respondent New York City Department of Youth Services, and therefore could not have formed the basis for such termination. Further, all reference to the offending letter was expunged from the record before the arbitrator.

The IAS Court properly determined that there existed a rational basis to support the DHR's determination of no probable cause *(see, Matter of CUNY-Hostos Community Coll.*

*v State Human Rights Appeal Bd.,* 59 NY2d 69, 75). The DHR has broad discretion in determining the method to be employed in investigating a claim, and its determination will not be overturned unless the record demonstrates that its investigation was " 'abbreviated or one-sided' " *(Matter of Chirgotis v Mobil Oil Corp.,* 128 AD2d 400, 403). Here, petitioner had a full opportunity, including a two-hour fact finding conference, to rebut the agency's case and to present his own evidence. Concur—Sullivan, J. P., Rosenberger, Ross, Rubin and Williams, JJ.