■ In the Matter of BESSIE BAZILE, Appellant, v PAUL ACINAPURA et al., Respondents. [639 NYS2d 952]

The Supreme Court properly concluded that the petitioner failed to meet her burden of proving that the independent, legitimate, and nondiscriminatory reasons proffered by her employer for discharging her were not the employer's true reasons, but a pretext for discrimination (*see, Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937; *Matter of Talt v State Div. of Human Rights,* 156 AD2d 569). Further, the Division of Human Rights' investigation of the petitioner's complaint was not abbreviated or one sided. Moreover, the evidence did not present inconsistencies or unresolved questions that required further scrutiny by the Division of Human Rights (*see, Matter of Stewart v New York State Div. of Human Rights,* 128 AD2d 625; *cf., Matter of Hendel v New York State Div. of Human Rights,* 114 AD2d 897, 898).

Since a hearing pursuant to Executive Law § 297 (4) (a) was not required given the facts of this case, the appropriate standard of review to be applied to the determination of the Division of Human Rights is whether it is in accordance with the law, arbitrary and capricious, or without a rational basis (*see,* Executive Law § 298; CPLR 7803 [3]; *Matter of Giles v State Div. of Human Rights,* 166 AD2d 779, 780; *see also, State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276, 284; *Matter of Bruno v Pembrook Mgt.,* 212 AD2d 314, 318; *Matter of Sidoti v New York State Div. of Human Rights,* 212 AD2d 537). Applying the foregoing standard of review, we find that the Supreme Court correctly confirmed the determination of the Division of Human Rights and dismissed the proceeding. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur. ·