■ In the Matter of ANN CORNELIUS, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [728 NYS2d 703] —In a proceeding pursuant to CPLR article 78 to review two determinations of the New York State Division of Human Rights, both dated December 15, 1999, which dismissed the petitioner's complaints, upon findings of no probable cause to believe that the respondents BPC Corporation and Washington Realty Corporation had engaged in the complained-of discriminatory practices, the petitioner appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated September 8, 2000, which confirmed the determinations and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly determined that there was a rational basis to support the determinations of no probable cause made by the Division of Human Rights (hereinafter the DHR) (*see,* Executive Law § 298; CPLR 7803 [3]; *Matter of Bazile v Acinapura,* 225 AD2d 764; *Giles v State Div. of Human Rights,* 166 AD2d 779). The DHR has broad discretion to determine the method to be employed in investigating complaints (*see, Matter of Bal v New York State Div. of Human*

*Rights,* 202 AD2d 236; *Matter of Kushnir v New York State Div. of Human Rights,* 114 AD2d 898), and its determinations are entitled to considerable deference due to its expertise in evaluating discrimination claims (*see, Matter of Bruno v Pembrook Mgt.,* 212 AD2d 314; *Matter of Sidoti v New York State Div. of Human Rights,* 212 AD2d 537).

Contrary to the petitioner's contentions, the DHR's vacatur of its initial determinations, the reopening of the investigation, and the subsequent determinations of no probable cause, were proper and authorized by law (*see,* Executive Law § 297; 9 NYCRR 465.8; *see also, State Div. of Human Rights v Genesee Hosp.,* 50 NY2d 113). The additional investigation was comprehensive, and the petitioner was afforded ample opportunity to present her own evidence to rebut the showing by the respondents BPC Corporation and Washington Realty Corporation of their legitimate and nondiscriminatory reasons for refusing to lease a larger apartment to her (*see, Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937; *Matter of Bazile v Acinapura, supra*). Krausman, J. P., McGinity, Schmidt and Adams, JJ., concur.