■ In the Matter of DOROTHY M. CAMP, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [751 NYS2d 564] —In a proceeding pursuant to CPLR article 78 and Executive Law § 298 to review a determination of the New York State Division of Human Rights, dated June 12, 2000, which dismissed the petitioner's complaint upon a finding of no probable cause to believe that the respondents Thomas Lown and Lynn Lown engaged in the complained-of discriminatory practices, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated June 6, 2001, which confirmed the determination, denied the petition, and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly determined that there was a rational basis to support the determination of no probable cause made by the New York State Division of Human Rights (hereinafter the DHR) (*see* Executive Law § 298; CPLR 7803 [3]; *Matter of Cornelius v New York State Div. of Human Rights,* 286 AD2d 329; *Matter of Bazile v Acinapura,* 225 AD2d 764, 765; *Giles v State Div. of Human Rights,* 166 AD2d 779, 780). The DHR has broad discretion to determine the method

to be employed in investigating complaints (*see Matter of Bal v New York State Div. of Human Rights,* 202 AD2d 236, 237; *Matter of Kushnir v New York State Div. of Human Rights,* 114 AD2d 898, 899), and its determinations are entitled to considerable deference due to its expertise in evaluating discrimination claims (*see Matter of Bruno v Pembrook Mgt.,* 212 AD2d 314, 318; *Matter of Sidoti v New York State Div. of Human Rights,* 212 AD2d 537, 538).

Here, the Supreme Court properly concluded that the petitioner's allegations of discrimination, namely, that she was denied a mobile home rental because she notified the respondent owners that she was HIV positive, were insufficient to show that unlawful discriminatory acts were committed against her. The Supreme Court correctly concluded that the explanations offered by the respondents, coupled with the affidavit of the person to whom the premises were ultimately rented, as well as the petitioner's own description of the sequence of events, provided a basis from which the DHR could conclude that there was no probable cause that petitioner was discriminated against because of her HIV status. S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.