**John BARNA, Plaintiff,**

v.

**Steven MORGAN, Supervisor; James Fedoreshenko, Assistant Manager; Kathy Hanolan, Human Resources; Theodore T. Turner, Production Supervisor; Engine Systems Company, Inc.; Motivepower USA, Inc.; Wabtec Engine Systems Company, Defendants.**

No. 1:01–CV–1089.

United States District Court,
N.D. New York.

Oct. 1, 2004.

Oliver, Oliver Law Firm, Attorneys for Plaintiff, Albany, NY, Lewis B. Oliver, Jr., Esq.

Harter Secrest & Emery LLP, Attorneys for Defendants Morgan, Fedoreshenko, Hanolan, and Tumer, Rochester, NY, Maureen T. Alston, Esq.

MacDonald, Illig, Jones & Britton LLP, Attorneys for Defendants Morgan, Fedoreshenko, Hanolan, and Tumer, Erie, PA, Roger H. Taft, Esq.

Michael T. Wallender, Esq., Attorney for Defendants Engine Systems, Motive Power USA and Wabtec Engine Systems, Albany, NY, of Counsel.

## MEMORANDUM–DECISION and ORDER

HURD, District Judge.

### I. INTRODUCTION

Plaintiff John Barna ("Barna") brought suit against his former employer and four individuals employed by the same company at the time of the events giving rise to the action. He was employed by Engine Systems Co., Inc. ("ESCI"), which is related to defendant Motive Power USA, Inc., and defendant Wabtec Engine Systems Com-

pany through corporate merger. The four individual defendants are Steven Morgan ("Morgan"), James Fedoreshenko ("Fedoreshenko"), Kathy Hanlon ("Hanlon"), and Theodore Turner ("Turner").

Barna's second amended complaint contains two sets of claims; (1) those brought against the corporate employer(s) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; and (2) those brought against all defendants pursuant to § 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. All the defendants moved for summary judgment on all the claims against them. Oral argument was heard on January 23, 2004. Decision was reserved.

## II. *BACKGROUND*

Barna worked as a machinist at 6 Northway Lane, Latham, New York for 13 years until he was terminated in 2000. He was originally hired by TMS, Inc. which went through a series of corporate changes which involved the named corporate entities.

In April 2000, Barna filed a complaint against ESCI with the New York State Department of Human Rights ("NYDHR") charging it with disparate treatment and unlawful termination due to his national origin. (Def. Ex. 26 ¶ 1, 4) The complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). That complaint stated a claim under Title VII for national origin discrimination.

In May, NYDHR sent Barna a copy of ESCI's response to his complaint, advised him that he had 15 days to respond, and that he could submit additional material. (Docket No. 59 Ex. BB) Six months later, on November 21, 2000, NYDHR wrote plaintiff a second time, again enclosing ESCI's response and explaining that he could submit additional materials. *Id.* This letter, received return receipt by Bar-

na's wife, warned that if he failed to respond, a determination would be made on the record. Plaintiff failed to respond.

On January 25, 2001, NYDHR issued a Determination and Order After Investigation finding "No Probable Cause" and dismissed Barna's complaint. On April 3, 2001, the EEOC issued a Dismissal and Notice of Rights wherein it adopted the NYDHR findings.

On July 3, 2001, Barna filed the instant civil action. The original complaint alleged § 1983 claims only against the four individual defendants:· (1) Morgan, a supervisor at ESCI; (2) Fedoreshenko, Assistant Manager at ESCI; (3) Hanlon, employee in Human Resources; and (4) Turner, the Production Supervisor. The original complaint did not allege a Title VII violation, nor was it served upon the defendants. On September 5, 2001, an amended complaint was filed which, for the first time, alleged Title VII claims against the same four defendants and added ESCI as a defendant.

The amended complaint was never served on the individual defendants and was returned by the Secretary of State as undeliverable as to ESCI. (Docket No. 62 ¶ 112, ¶ 127) Nevertheless, Barna was awarded a default judgment against ESCI which was later set aside. He filed the second amended complaint on July 26, 2002, the one which is subject to the instant summary judgment motion. This second amended complaint leaves off the Title VII claims against the individual defendants; adds the above two additional corporate defendants in consideration of the corporate changes of ESCI; and adds the § 1981 claim.

None of the defendants received service of the second amended complaint until September of 2002. (Docket Nos. 16–22).

## III. *DISCUSSION*

### A. *Summary Judgment Standard*

Summary judgment is granted only if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Silver v. City Univ.*, 947 F.2d 1021, 1022 (2d Cir.1991). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060–61 (2d Cir.1995).

In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gibbs–Alfano v. Burton*, 281 F.3d 12, 18 (2d Cir.2002). Thus, "[s]ummary judgment may be granted if, upon reviewing the evidence in the light most favorable to the non-movant, the court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir.1993).

### B. *Title VII Claim*

 Plaintiffs must file a Title VII action within 90 days of receiving notice of the EEOC's dismissal of the administrative complaint. 42 U.S.C. § 2000e-5(f)(1). This requirement is strictly construed and a court may not extend the limitations period in absence of equitable considerations. *See Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984).

 Barna is presumed to have received the EEOC decision three days after its issuance. *See* Fed. R. Civ. Proc. 6(e). This would be April 6, 2001. Therefore he was required to file his Title VII action in federal court by July 5, 2001. His original complaint, filed on July 3, 2001, would have been timely, but it contained no Title VII claim, and in fact, did not even name a corporate defendant, the only entity liable under Title VII. His Title VII claim was first filed against ESCI in the amended complaint on September 5, 2001—152 days after his receipt of the EEOC Dismissal/Notice. The Title VII claim against the other corporate defendants was filed in the second amended complaint on July 26, 2002—386 days after receiving the Dismissal/Notice. Barna hopes to overcome the 90–day time bar by way of the relation back doctrine provided in Fed.R.Civ.P. 15(c).

 In relevant part, Fed. R. Civ. Proc. 15(c) provides for amendments to complaints that add new parties in actions when the party has "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits." The Second Circuit interpreted this provision after it was amended in 1991, and explained "under the revised rule an amended complaint relates back to the time of the original if the new party was aware of the action within 120 days of the filing of the original complaint." *Aslanidis v. U.S. Lines, Inc.* 7 F.3d 1067, 1076 (2d Cir.1993); *See Worthington v. Wilson*, 790 F.Supp. 829, 833 (C.D.Ill.1992).

Thus, the corporate defendants could be deemed notified if they became aware of the original complaint by October 31, 2001—120 days after it was filed on July 3, 2000. But, as noted, the original compliant did not allege a Title VII claim; did not name any of the corporate defendants;

and was never served on any defendant. Moreover, plaintiff cannot argue any form of constructive notice wherein the corporate defendants were aware of the action during the time period through identity of parties or intermingling with the named individual defendants because the named individual defendants were never served, and thus lacked knowledge to impart.

■ Plaintiff might have been saved if the corporate defendants had received notice of the first amended complaint (which did name ESCI and included a Title VII claim) that was filed on September 5, 2001 within the 120 day limitation period. Even though that date itself is beyond the 90-day filing requirement, there is a reasonable argument that it would have provided notice of the original action. *See Aerotel, Ltd. v. Sprint Corp.*, 100 F.Supp.2d 189, 196 (S.D.N.Y.2000). However, notice of the amended complaint was never made upon the defendants. There is no record of an attempt to serve it on the individual defendants, and on October 26, 2001, it was returned as undeliverable upon ESCI.

There is no other indication in the record that the corporate defendants were made aware of this Title VII action against them prior to acknowledgment of service of the second amended complaint on September 13, 2002. (Doc. No. 16). This was 425 days after plaintiff received notice of the EEOC Determination/Order (April 6, 2001), and 338 days after filing the original complaint (July 3, 2001). Therefore, the Title VII claim cannot be related back to the original complaint to overcome the 90-day statute of limitations in § 2000e–5(f).

### C. § 1981 Claim

■ Defendants move for summary judgment arguing that plaintiff's § 1981 claim is barred by the doctrine of res judicata and/or collateral estoppel. Defendants assert that NYDHR's prior determination of no probable cause precludes Barna from reasserting the same claims in federal court.

A state agency's resolution of factual issues adverse to the complainant will bar a federal court action brought under the Reconstruction civil rights statutes if (1) the state agency was acting in a judicial capacity; (2) the disputed issues of fact were properly before the agency and the parties were given an adequate opportunity to litigate them; and (3) the courts of the particular state would give the agency's fact-finding determinations preclusive effect.

*Kirkland v. City of Peekskill*, 651 F.Supp. 1225, 1229 (S.D.N.Y.1987)(citing *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986)).

Plaintiff does not dispute that the first and third requirements are met, but argues that he was not given an adequate opportunity to litigate. Whether a party against whom preclusion is sought was afforded a " 'full and fair opportunity to litigate,' in the administrative proceeding, depends on the 'realities of the prior litigation,' including the context and other circumstances which may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against him." *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 501, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984)

NYDHR official records demonstrate that it contacted Barna twice. Both times he was provided with a copy of ESCI's response, told that he was entitled to submit additional materials, and informed of the need to respond in a timely manner. Barna's failure to take advantage of the opportunity does not demonstrate a deprivation of it. *See Kushnir v. New York State Div. of Hu-*

*man Rights,* 114 A.D.2d 898, 899, 495 N.Y.S.2d 71 (N.Y.App.Div.1985)("petitioner was given a full and fair opportunity to present evidence on her behalf and to rebut the evidence presented by the respondent employer but she failed to produce any supportive evidence.")

Barna also contends that NYDHR should have conducted a conference involving both parties to the dispute. However, "[t]he DHR has broad discretion to determine the method to be employed in investigating complaints ... and its determinations are entitled to considerable deference due to its expertise in evaluating discrimination claims." *In re Camp,* 300 A.D.2d 481, 482, 751 N.Y.S.2d 564 (N.Y.App.Div.2002)(internal citations omitted). Without a response from Barna, it is logical that the NYDHR would conclude that Barna was not going to participate in the proceedings and a that conference would not be required. This decision, given due deference, does not constitute a deprivation of an opportunity to be heard.

Because plaintiff has not demonstrated that he was deprived of an opportunity to be heard, the doctrine of res judicata bars his § 1981 claim.

## IV. *CONCLUSION*

Barna's Title VII claim against the corporate defendants are barred for failure to comply with the 90–day statute of limitations required under 42 U.S.C. § 2000(e)–5(f)(1). The § 1981 claim against all defendants is precluded under the doctrine of res judicata.

Accordingly, it is

ORDERED that

1. Defendant Engine Systems Co., Inc.'s motion for summary judgment, which is related to Motive Power USA, Inc, and WABTEC Engine Systems Company's motion, on the Title VII claim is GRANTED;

2. All defendants motions for summary judgment on the § 1981 claim are GRANTED; and

3. The complaint is DISMISSED in its entirety.

The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.