■ In the Matter of SHIVAJI PATHAK, Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent, and WENDY'S INTERNATIONAL, INC., et al., Appellants. [788 NYS2d 135]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Human Rights dated August 28, 2001, which, upon finding no probable cause to believe that the respondent Wendy's International, Inc., engaged in an unlawful discriminatory practice in firing the petitioner, dismissed the petitioner's complaint, the respondent Wendy's International, Inc., and the nonparties Wendy's Old Fashioned Hamburgers of New York, Inc., and Wendy's Food Systems, Inc., appeal from a judgment of the Supreme Court, Suffolk County (Catterson, J.), dated June 30, 2003, which, upon, in effect, vacating the determination, granted the petition to the extent of remitting the matter to the respondent New York State Division of Human Rights for further investigation.

Ordered that the appeals by Wendy's Old Fashioned Hamburgers of New York, Inc., and Wendy's Food Systems, Inc., are dismissed, as they are not parties to this proceeding and are not aggrieved by the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that on the Court's own motion, the notice of appeal by Wendy's International, Inc., is treated as an application for leave to appeal and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the judgment is reversed, on the law, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to Wendy's International, Inc.

The petitioner failed to meet his burden of showing that the independent, legitimate, and nondiscriminatory reason proffered by Wendy's International, Inc. (hereinafter Wendy's), for

firing him was a pretext for discrimination. Furthermore, the respondent New York State Division of Human Rights (hereinafter the DHR) reviewed the petitioner's complaint, reviewed Wendy's statement, interviewed five witnesses, requested and reviewed numerous documents from both parties, and held a two-party fact-finding conference where both parties were represented by counsel. This was sufficient to demonstrate that the investigation by the DHR was adequate and not one-sided. Moreover, the evidence did not present any inconsistencies or unresolved questions that required further scrutiny by the DHR (*see Matter of Bazile v Acinapura*, 225 AD2d 764 [1996]).

Under the facts of this case, a formal hearing was not required (*see* Executive Law § 297 [4] [a]). Accordingly, since the DHR's determination was in accordance with the law, and was not arbitrary and capricious, or without a rational basis, it should have been upheld by the Supreme Court and not remitted to the DHR for further investigation (*see* Executive Law § 298; CPLR 7803 [3]; *Matter of Bazile v Acinapura, supra*). Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.