■ In the Matter of YOLANDA PASCUAL, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [829 NYS2d 99]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered October 19, 2005, which denied the petition seeking to annul respondent Human Rights Division's determination of no probable cause to believe that respondent Union Community Health Center had engaged in an unlawful discriminatory employment practice, unanimously affirmed, with costs.

The determination under review had a rational basis in the record and was not arbitrary or capricious (*see Matter of McFarland v New York State Div. of Human Rights*, 241 AD2d 108 [1998]). Petitioner failed to meet her burden of showing that the nondiscriminatory reason offered by the Health Center for terminating her employment—namely, her refusal to teach nutrition classes in English when she clearly had the ability to

do so—was a pretext for discrimination based upon her national origin. Petitioner was not prevented from showing pretext by the Human Rights Division's refusal to subpoena certain records in the possession of the Department of Health. The information supplied by the parties was sufficient for the Human Rights Division to make its determination, and the Department of Health records were unnecessary. The Human Rights Division has broad discretion in determining the method to be employed in investigating a claim, and its determination will not be overturned unless the record demonstrates that its investigation was abbreviated or one-sided. Here, petitioner had a full and fair opportunity, including a two-hour fact-finding conference, to rebut the agency's case and to present her own case (*see Matter of Bal v New York State Div. of Human Rights*, 202 AD2d 236 [1994], *lv denied* 84 NY2d 805 [1994]).

We have considered petitioner's remaining contentions and find them without merit. Concur—Sullivan, J.P., Williams, Gonzalez, Sweeny and Kavanagh, JJ.