■ In the Matter of Soo CHING WU, Appellant, v NEW YORK CITY COMMISSION ON HUMAN RIGHTS, Respondent. [922 NYS2d 486]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Commission on Human Rights dated November 7, 2007, dismissing the petitioner's complaint alleging discrimination, the petitioner appeals from a judgment of the Supreme Court, Queens County (Flug, J.), entered March 23, 2009, which, upon an order of the same court dated October 31, 2008, as amended by an order dated January 20, 2009, denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner is the owner of two cooperative apartments in a building located in Flushing. In July 2006 she sought permission from the Cooperative's Board of Directors (hereinafter the Board) to sublet one of her units. However, the Board rejected the proposed subtenancy. Thereafter, the petitioner filed a complaint against the Board with the respondent, New York City Commission on Human Rights (hereinafter the Commission), alleging that the Board rejected her proposed subtenant in retaliation against her because she had made a prior discrimination complaint against the Board with the New York State Division of Human Rights. After investigation, the Commission found that there was "no probable cause" for the petitioner's claim and dismissed the complaint. The petitioner then commenced this CPLR article 78 proceeding against the Commission seeking to review its determination. The Supreme Court concluded that the petitioner "failed to sustain her burden of proof to establish that the Commission's determination lacked a rational basis," and, thus, it denied the petition and, in effect, dismissed the proceeding. We affirm.

Contrary to the petitioner's contention, the Board's rejection of her proposed subtenant was based upon nondiscriminatory, legitimate financial and business concerns. Therefore, the Commission's determination that there was "no probable cause" to credit the petitioner's complaint that the Board had engaged in discriminatory retaliation against her was rationally based and, thus, not arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Cowan v Kern*, 41 NY2d 591, 599 [1977]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]; *Matter of Levin v New York City Commn. on Human Rights*, 12 AD3d 328, 329 [2004]). In addition, there is no merit to the petitioner's contention that the Commission failed to conduct an adequate inquiry into her complaint. Moreover, the Commission "has broad discretion in determining the method to be employed in investigating a claim" (*Matter of Levin v New York City Commn. on Human Rights*, 12 AD3d at 329; *see Matter of McFarland v New York State Div. of Human Rights*, 241 AD2d 108 [1998]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.