■ In the Matter of MARGARET J. OROSZ, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent, and LAWLESS & MANGIONE ARCHITECTS ENGINEERS, LLP, Respondent.
[930 NYS2d 288]—

The petitioner argues that the Supreme Court applied the incorrect "substantial evidence" standard rather than the "arbitrary and capricious" standard. Since a hearing pursuant to Executive Law § 297 (4) (a) was not conducted, the appropriate standard of review to be applied to the determination of the New York State Division of Human Rights (hereinafter the Division) is whether the determination is without a rational basis and, hence, arbitrary and capricious (*see Matter of Bazile v Acinapura*, 225 AD2d 764, 765 [1996]; *cf.* CPLR 7803 [3]). In denying the petition and dismissing the proceeding, the Supreme Court cited to and applied the correct standard. Moreover, the determination of no probable cause, made by the Division after a conference, had a rational basis and was not arbitrary and capricious (*see Matter of Maltsev v New York State Div. of Human Rights*, 31 AD3d 641 [2006]; *Matter of Pathak v New York State Div. of Human Rights*, 13 AD3d 634 [2004]).

To the extent that the petitioner contends that the Division's investigation was one-sided and abbreviated, the Division has broad discretion in the conduct of its investigations (*see* 9 NYCRR 465.6; *Matter of Maltsev v New York State Div. of Human Rights*, 31 AD3d at 641; *Matter of Bazile v Acinapura*, 225 AD2d at 765). The petitioner had a full opportunity to present her case to the Division, made many submissions, and participated in the conference with her attorney (*see Matter of Rauch*

*v New York State Div. of Human Rights,* 73 AD3d 930, 930 [2010]; *Matter of Maltsev v New York State Div. of Human Rights,* 31 AD3d at 641; *Matter of Cornelius v New York State Div. of Human Rights,* 286 AD2d 329, 330 [2001]). Further, contrary to the petitioner's argument, no hearing was necessary because the record does not demonstrate the existence of unresolved questions that required further scrutiny (*see Matter of Bazile v Acinapura,* 225 AD2d at 765; *see also Matter of Pathak v New York State Div. of Human Rights,* 13 AD3d at 635).

Applying the foregoing standard of review, we conclude that the Supreme Court correctly denied the petition and dismissed the proceeding. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.