In a proceeding, in effect, pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated July 26, 2010, which dismissed the petitioner’s administrative complaint, upon, inter alia, a finding that there was no probable cause to believe that Kingsboro Fsychiatric Center engaged in unlawful discriminatory practices, the petitioner appeals from a judgment of the Supreme Court, Kings County (Rothenberg, J.), dated March 8, 2011, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, without costs or disbursements.
*881 The petitioner was employed by the respondent Kingsboro Psychiatric Center (hereinafter Kingsboro) from 1987 through July 2009, at which time she retired on a disability pension. On or about July 24, 2009, immediately before her retirement, the petitioner filed a complaint with the New York State Division of Human Rights (hereinafter the NYSDHR) alleging that Kingsboro permitted a hostile work environment and discriminated against her based upon, inter alia, her age and disability, in violation of the New York State Human Rights Law (Executive Law § 296). By Determination and Order After Investigation dated July 26, 2010, the NYSDHR dismissed the petitioner’s administrative complaint, finding, among other things, that the complained-of acts took place more than one year before she filed the complaint and that there was no probable cause to believe that Kingsboro engaged in the unlawful discriminatory practices complained of.
Thereafter, in September 2010, the petitioner commenced this proceeding in the Supreme Court alleging, inter alia, that the NYSDHR’s determination was arbitrary and capricious. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals, and we affirm.
The NYSDHR properly determined that the petitioner’s administrative complaint filed with the NYSDHR was untimely (see Matter of Murphy v Kirkland, 88 AD3d 267, 273 [2011]).
In any event, contrary to the petitioner’s contentions, the record reflects that the NYSDHR’s investigation was sufficient and was not “ ‘abbreviated or one-sided’ ” (Matter of Pajooh v State Div. of Human Rights, 82 AD3d 609 [2011], quoting Matter of Pascual v New York State Div. of Human Rights, 37 AD3d 215, 216 [2007]; see Matter of Orosz v New York State Div. of Human Rights, 88 AD3d 798, 798-799 [2011]; Matter of Soo Ching Wu v New York City Commn. on Human Rights, 84 AD3d 823, 824 [2011]; Matter of McFarland v New York State Div. of Human Rights, 241 AD2d 108, 111 [1998]).
Moreover, where, as here, the NYSDHR renders a determination of no probable cause without holding a hearing, the appropriate standard of review is whether the probable cause determination was arbitrary and capricious, or lacking a rational basis (see Matter of Orosz v New York State Div. of Human Rights, 88 AD3d at 798-799; Matter of Soo Ching Wu v New York City Commn. on Human Rights, 84 AD3d at 823-824; Matter of Pajooh v State Div. of Human Rights, 82 AD3d 609 [2011]). The NYSDHR’s determination of no probable cause is “entitled to considerable deference due to its expertise in evaluating discrimination claims” (Matter of Camp v New York State Div. *882 of Human Rights, 300 AD2d 481, 482 [2002]). Here, since the NYSDHR’s determination of no probable cause was made after sufficient investigation and had a basis in the record, the Supreme Court properly denied the petition and dismissed the proceeding (see Matter of Orosz v New York State Div. of Human Rights, 88 AD3d at 798). Dillon, J.E, Balkin, Austin and Cohen, JJ., concur.