■ In the Matter of RANDALL KNIGHT, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [987 NYS2d 217]—

In a proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated May 17, 2012, which dismissed the petitioner's administrative complaint, upon a finding that there was no probable cause to believe that the respondent Nassau County, New York, engaged in unlawful discriminatory practices, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Marber, J.), entered November 30, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is an African-American male employed by the County of Nassau as a probation officer. As a result of an incident with a coworker, the petitioner filed a workplace violence incident report. In response, an investigator from the Nassau County Attorney's Office was dispatched to the petitioner's place of employment to investigate the petitioner's claim of workplace violence. After the investigation, the petitioner filed a complaint of discrimination and retaliation against the Nassau County Attorney's Office with the New York State Division of Human Rights (hereinafter the NYSDHR). The petitioner alleged that the investigator made a comment that he found derogatory and racially motivated. The petitioner also alleged that the investigator did not conduct a full and unbiased investigation, at least partly based upon his belief that the investigator was acquainted with the petitioner's coworker, against whom he had filed the workplace violence complaint. In a determination and order after investigation, the NYSDHR dismissed the petitioner's complaint, finding that there was no probable cause to believe that the investigator engaged in the unlawful discriminatory conduct complained of.

Contrary to the petitioner's arguments, the record reflects that the NYSDHR's investigation was sufficient and was not " 'abbreviated or one-sided' " (*Matter of Pajooh v State Div. of Human Rights*, 82 AD3d 609, 609 [2011], quoting *Matter of Pascual v New York State Div. of Human Rights*, 37 AD3d 215, 216 [2007]; *see Matter of Orosz v New York State Div. of Human Rights*, 88 AD3d 798, 798-799 [2011]; *Matter of Soo Ching Wu v New York City Commn. on Human Rights*, 84 AD3d 823 [2011]; *Lee v New York State Human Rights Appeal Bd.*, 111 AD2d 748

[1985]; *Matter of Taber v New York State Human Rights Appeal Bd.*, 64 AD2d 990 [1978]; *see also Matter of Goston v American Airlines*, 295 AD2d 932 [2002]).

Furthermore, where, as here, the NYSDHR renders a determination of no probable cause without holding a hearing, the appropriate standard of review is whether the probable cause determination was arbitrary and capricious or lacking a rational basis (*see Matter of Orosz v New York State Div. of Human Rights*, 88 AD3d at 798-799). NYSDHR's determination is "entitled to considerable deference due to [NYSDHR's] expertise in evaluating discrimination claims" (*Matter of Camp v New York State Div. of Human Rights*, 300 AD2d 481, 482 [2002]). Here, since the NYSDHR's probable cause determination was made after sufficient investigation and had a rational basis in the record, the Supreme Court properly denied the petition and dismissed the proceeding (*see Matter of Orosz v New York State Div. of Human Rights*, 88 AD3d at 798; *Matter of Rauch v New York State Div. of Human Rights*, 73 AD3d 930 [2010]). Balkin, J.P., Chambers, Cohen and Duffy, JJ., concur.