# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**494**

**CA 15-01334**

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF LISA NAPIERALA,
PETITIONER-RESPONDENT,

V                                           MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN
RIGHTS, ET AL., RESPONDENTS,
AND ERIE COMMUNITY COLLEGE,
RESPONDENT-APPELLANT.

---

HODGSON RUSS LLP, BUFFALO (JOSEPH S. BROWN OF COUNSEL), FOR
RESPONDENT-APPELLANT.

LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (LINDY KORN OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John L. Michalski, A.J.), entered October 10, 2014 in a proceeding pursuant to CPLR article 78. The judgment, among other things, granted the petition to annul a determination of respondent New York State Division of Human Rights.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the petition is dismissed, and the determination of respondent New York State Division of Human Rights is reinstated.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondent New York State Division of Human Rights (SDHR) that there was no probable cause to believe that Erie Community College (respondent) retaliated against petitioner. We conclude that Supreme Court erred in granting the petition.

Petitioner, a security officer for respondent, alleged that respondent had retaliated against her "by subjecting her to adverse employment actions after she complained of discrimination." Specifically, petitioner alleged that respondent "knowingly assigned" her to guard duty in its athletic center at a time when the gymnasium floor was being polyurethaned. The fumes were so strong that petitioner became ill near the end of her shift and left a voice message with her supervisor advising him that she needed to leave her shift early. Subsequently, petitioner was asked to report to the Human Resources Department to discuss why she went home sick without

first obtaining her supervisor's permission.  Petitioner was questioned, but no disciplinary action was taken.  Petitioner also alleged in her petition that respondent retaliated against her when it allegedly "lost" her "On-the-Job-Training" certificate, which led to the lapse of her security license and resulted in her suspension without pay.

Where, as here, SDHR "renders a determination of no probable cause without holding a hearing, the appropriate standard of review is whether the probable cause determination was arbitrary and capricious or lacked a rational basis" (*Matter of Gordon v New York State Div. of Human Rights*, 126 AD3d 697, 698).  SDHR "has broad discretion to determine the method to be employed in investigating complaints . . . , and its determinations are entitled to considerable deference due to its expertise in evaluating discrimination claims" (*Matter of Cornelius v New York State Div. of Human Rights*, 286 AD2d 329, 329-330; *see generally Matter of Ramirez v New York State Div. of Human Rights*, 4 NY3d 789, 790).

In our view, SDHR's determination is not arbitrary or capricious, and it has a rational basis.  The record establishes that petitioner "had a full and fair opportunity to present her case and that [SDHR's] investigation was neither abbreviated nor one-sided" (*Kim v New York State Div. of Human Rights*, 107 AD3d 434, 434, *lv denied* 21 NY3d 866; *see Matter of Baird v New York State Div. of Human Rights*, 100 AD3d 880, 881, *lv denied* 22 NY3d 851).  "Probable cause exists only when, after giving full credence to the [petitioner's] version of the events, there is some evidence of unlawful discrimination" (*Matter of Doin v Continental Ins. Co.*, 114 AD2d 724, 725).  Here, crediting petitioner's assertion that respondent intentionally assigned her to its athletic center knowing that the gym floor was being polyurethaned, we conclude that there is no evidence of unlawful discrimination, e.g., petitioner was not forced to stay at the athletic center against her will, nor was she disciplined for leaving work early.  The Human Rights Law (Executive Law § 296 *et seq*.) and title VII of the Civil Rights Act of 1964 (42 USC § 2000e *et seq.*) "are textually similar and ultimately employ the same standards of recovery," and thus "federal case law in this area . . . proves helpful to the resolution of this appeal" (*Matter of Aurecchione v New York State Div. of Human Rights*, 98 NY2d 21, 26).  As the United States Court of Appeals for the Second Circuit has written, title VII "does not protect an employee from 'all retaliation,' but only 'retaliation that produces an injury or harm' " (*Tepperwien v Entergy Nuclear Operations, Inc.*, 663 F3d 556, 569 [2d Cir]; *see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-314), and here there was no injury or harm.

With respect to the issue of the security license lapse, we note that it does not appear from the record that respondent ever was in possession of petitioner's training certificate.  In any event, the record establishes that respondent provided petitioner with an opportunity to rectify the situation, and petitioner was suspended without pay only when she failed to do so, consistent with

respondent's treatment of other security officers with lapsed licenses.

Finally, we agree with respondent that there was no need for a hearing "because the record does not demonstrate the existence of unresolved questions that required further scrutiny" (*Matter of Orosz v New York State Div. of Human Rights*, 88 AD3d 798, 799).  "[A]s long as the investigation is sufficient and the [petitioner is] afforded a full opportunity to present his [or her] claims, '[i]t is within the discretion of [SDHR] to decide the method or methods to be employed in investigating a claim' " (*Matter of McFarland v New York State Div. of Human Rights*, 241 AD2d 108, 112).  Here, SDHR contacted both petitioner and respondent and requested specified answers and documents related to petitioner's allegations, and "the conflicting evidence before SDHR did not create a material issue of fact that warranted a formal hearing" (*Matter of Hall v New York State Div. of Human Rights*, 137 AD3d 1583, 1584).

Entered:  June 17, 2016                          Frances E. Cafarell
                                                 Clerk of the Court