Matter of Wiltz v New York State Div. of Human Rights (2020 NY Slip Op 07735)





Matter of Wiltz v New York State Div. of Human Rights


2020 NY Slip Op 07735


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Shulman, JJ. 


Index No. 100822/18 Appeal No. 12685 Case No. 2019-05482 

[*1]In re Randall Wiltz, Petitioner-Appellant,
v
New York State Division of Human Rights, Respondent. New York University, Intervenor-Respondent-Respondent. Erin Lynch et al., Intervenor-Respondents.


Randall Wiltz, appellant pro se.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 5, 2019, which, to the extent appealed from as limited by the briefs, vacated respondent New York State Division of Human Rights' (DHR) default and denied the petition to annul DHR's determination, dated April 10, 2018, that respondents New York University (NYU), Erin Lynch, and Franklin Diaz's (together, the NYU respondents) did not discriminate against petitioner in refusing to offer him a vacancy lease, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed.
DHR presented a reasonable excuse for its default and a meritorious defense to the petition (see Navarro v A. Trenkman Estate, Inc., 279 AD2d 257 [1st Dept 2001]).
DHR's determination that there existed no probable cause for finding that the NYU respondents acted with discriminatory animus in refusing to offer petitioner a vacancy lease was not arbitrary and capricious or lacking a rational basis in the record (see Kim v New York State Div. of Human Rights, 107 AD3d 434 [1st Dept 2013]), lv denied, 21 NY3d 866 [2013]). Contrary to petitioner's allegations, NYU was entitled to evict him from the apartment pursuant to a Housing Court order. Furthermore, DHR independently interviewed several tenants in the apartment building and found that some of these tenants were also members of the protected classes to which petitioner belonged and did not experience or witness any discriminatory actions. DHR's investigation also found no evidence that petitioner had filed complaints in opposition to discrimination before filing the instant complaint, which undermined his claim of retaliation. Nor was DHR's investigation either abbreviated or one-sided (see Matter of Bal v New York State Div. of Human Rights, 202 AD2d 236, 237 [1st Dept 1994], lv denied 84 NY2d 805 [1994]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020