| |
|---|
| **Ng v New York State Div. of Human Rights** |
| 2025 NY Slip Op 32205(U) |
| June 23, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152732/2025 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. JUDY H. KIM**                          **PART**                    **04**

*Justice*

-------------------------------------------------------------------------------X

SUSAN NG,

                                   Petitioner,

                                   - v -

NEW YORK STATE DIVISION OF HUMAN RIGHTS,

                                   Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152732/2025 |
| **MOTION DATE** | 02/28/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 31, 35, 36, 37, 38, 39

were read on this motion for                       ARTICLE 78 (BODY OR OFFICER)     .

Upon the foregoing documents, the petition is denied and this proceeding is dismissed.

Petitioner, pro se, commenced this Article 78 proceeding against respondent New York State Division of Human Rights ("DHR") challenging DHR's "Determination and Order After Investigation" (the "Determination") that there was no probable cause for petitioner's claim of discriminatory housing practices by The Lillian Goldman Family, LLC, LGF Enterprises Inc., and Solil Management LLC. Respondent interposed an Answer seeking the dismissal of this special proceeding on the grounds that petitioner failed to name The Lillian Goldman Family, LLC, LGF Enterprises Inc., and Solil Management LLC as party respondents and that the Determination was not arbitrary or capricious.

## DISCUSSION

As a threshold matter, this special proceeding must be dismissed based upon petitioner's failure to join The Lillian Goldman Family, LLC, LGF Enterprises Inc., and Solil Management LLC—parties to the underlying proceeding before DHR and therefore necessary parties here—as

**152732/2025   NG, SUSAN vs. NEW YORK STATE DIVISION OF HUMAN RIGHTS**       **Page 1 of 4**
  **Motion No.  001**

1 of 4

[* 1]

respondents (*see Hackett v New York State Div. of Human Rights*, 192 AD3d 1623, 1624 [4th Dept 2021] [internal citations omitted]).

Even disregarding this fundamental infirmity, the petition would be denied on its merits. The standard for judicial review of an administrative determination pursuant to CPLR Article 78 is whether the agency acted arbitrarily or capriciously, i.e., without any sound basis in reason (*see Matter of Pell v. Board of Educ.,* 34 NY2d. 222, 231–232 [1974]). Accordingly, the Determination "will not be overturned unless the record demonstrates that its investigation was abbreviated or one-sided" (*Pascual v N.Y.S. Div. of Human Rights*, 37 AD3d 215, 216 [1st Dept 2007]).

The record reflects that petitioner submitted a written rebuttal to respondent's response to her complaint, after which she had a conference with DHR, and that DHR also "examined … [petitioner's] harassment complaint, NYPD complaints, list of incidents, correspondence between [the] parties, [and] work orders" and interviewed two tenants and then issued a report concluding, in pertinent part, that

> Complainant claims that she started experiencing verbal and physical harassment including stalking in the subject property, at Complainant's business location, and in the local community since 2017. Complainant alleges that Respondents' staff, contractors, tenants and non-tenants collectively discriminated and harassed Complainant on at least 60 occasions, including at medical offices where Complainant was physically harmed, treated with hostility, stalked, underserved/overcharged, and Complainant's personal information and mail compromised. Complainant alleges that between April 2023 to June 2023, Doorman Ronald Villar directed hostility and made middle-finger gestures towards Complainant.

> Respondents deny all allegations and assert that the situation does. not involve Complainant being harassed or discriminated against by them or their employees Instead, they contend that Complainant is experiencing severe mental health issues. Respondents further deny Complainant's claim that their employees engaged in a widespread conspiracy involving countless unknown individuals throughout New York City to harass and cyberstalk Complainant on an almost daily basis for years. Respondents state that the only incident they are aware of is the one alleged to have occurred on 7/31/2023, where an employee is accused of giving Complainant the middle finger. When management was informed of the incident, they responded

**152732/2025   NG, SUSAN vs. NEW YORK STATE DIVISION OF HUMAN RIGHTS**                    **Page 2 of 4**
**Motion No.  001**

2 of 4

[* 2]

promptly by investigating the matter and issuing a formal reprimand to the employee According to Respondents, the incident arose from the employee's frustration due to Complainant persistently recording employees whenever she is in their vicinity. Respondents assert that they have not been informed of any other incidents involving Complainant.

A no probable cause determination is warranted because the Division's investigation did not reveal that Respondents treated Complainant adversely because of race/color … A close review of the record reveals that Respondents responded to Complainant's repair requests and her email complaint about the middle finger gesture made by Respondents' employee. Respondents demonstrated that they responded to Complainant in a timely manner and assured Complainant that the incident would not happen again. The NYPD complaints reviewed by the Division do not report any alleged conduct by Respondents or their employees and does not allege the incidents occurred in the subject property.

…

The single incident of an employee expressing a middle finger gesture toward Complainant, who continuously records staff during their work, does not rise to discrimination. Respondents appropriately investigated and reprimanded the employee. there is otherwise no evidence of discrimination on the basis of Complainant's protected class.

(NYSCEF Doc No. 33, determination and order after investigation).

The foregoing establishes that DHR's investigation was adequate and not one-sided as "petitioner was afforded a full and fair opportunity to present her claim and supporting submissions, and to rebut the submissions of [respondents] in opposition to her complaint" (*Lewis v New York State Div. of Human Rights*, 163 AD3d 818, 819-20 [2d Dept 2018] [internal citations omitted]) and that DHR's determination was not arbitrary and capricious or without a rational basis but based on the record evidence (*see Matter of Pathak v New York State Div. of Human Rights*, 13 AD3d 634, 634-35 [2d Dept 2004]). While petitioner takes issue with DHR's failure to interview certain tenants she suggested, DHR "has broad discretion in determining the method to be employed in investigating a claim" (*Conte v City of New York Dept. of Sanitation (DSNY),* 159 AD3d 640, 641 [1st Dept 2018]; *see also Watterson v New York State Div. of Human Rights,*

152732/2025   NG, SUSAN vs. NEW YORK STATE DIVISION OF HUMAN RIGHTS
Motion No.  001

Page 3 of 4

3 of 4

*Donna Lieberman*, 2016 NY Slip Op 30144[U] [Sup Ct, NY County 2016] ["Although DHR did not personally interview the petitioner, the method in which the DHR conducts an investigation is within its discretion and there is no evidence before the Court that the investigation was abbreviated or one-sided"]).

In light of the foregoing, DHR's determination must be upheld and the petition dismissed (*see Matter of Pathak v New York State Div. of Human Rights*, 13 AD3d 634, 634-35 [2d Dept 2004]).

Accordingly, it is

**ORDERED** and **ADJUDGED** that the petition is denied and this proceeding is dismissed; and it is further

**ORDERED** that respondent shall, within twenty days of receipt of this decision and order, serve a copy of same, with notice of entry, upon petitioner as well as the Clerk of the Court, who is directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "EFiling" page on this court's website).

This constitutes the decision, order, and judgment of the Court.

| | |
|---|---|
| **6/23/2025** | |
| DATE | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152732/2025   NG, SUSAN vs. NEW YORK STATE DIVISION OF HUMAN RIGHTS**          **Page 4 of 4**
**Motion No.  001**

4 of 4

[* 4]