■ DISTRIGAS OF NEW YORK CORP. et al., Petitioners, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated August 20, 1980, which (1) vacated a determination of the State Division of Human Rights, dated September 28, 1979, dismissing, after an investigation and upon a finding of no probable cause, the complainant's allegation of an unlawful discriminatory practice related to employment, and (2) remanded the matter to the division for further proceedings. Petition granted, order of the appeal board annulled, on the law, without costs or disbursements, and determination of the division reinstated and confirmed. It was not, as the appeal board found, arbitrary or capricious, or an unwarranted exercise of discretion (see Executive Law, § 297-a, subd 7) for the State Division of Human Rights to dismiss the complaint in question upon a finding that there was no probable cause to believe that the complainant's former employer and plant manager (petitioners) had engaged in the unlawful discriminatory practices alleged in the complaint. Following petitioners' response to the underlying complaint, the complainant, Mr. Vyas, was notified by letter that he should telephone the Division of Human Rights for an appointment to come in and review his file, and that he could, at that time, "offer rebuttal statements and submit documentation to [rebut] the information contained therein." Instead, complainant telephoned the division to ask that he be mailed a copy of his employer's response, and the division acceded to his request. The accompanying letter, dated November 9, 1978, reminded the complainant that "rebuttal answers" were to be sent to the division after the material had been reviewed. When no response had been received almost a full year later, the complaint was dismissed on September 28, 1979 upon a finding of no probable cause. The complainant, upon receiving his copy of the order of dismissal, went to the division office on October 4, 1979. The field representative's interoffice memorandum for that date reveals that the director at the time agreed to accept the complainant's rebuttal, and further agreed to reopen the matter if the rebuttal refuted petitioners' response to the charges. After the rebuttal had been photocopied for submission, however, the complainant asked to have both it and the copy returned to him, and he thereupon left the division office. In reversing the division's order of dismissal, the appeal board ruled that the investigation in this case had been "totally inadequate" and had consisted merely "of a review by the Division Field Representative of the [employer's] answer to the complaint and thereafter a letter to the Complainant requesting rebuttal." This conclusion is unsupported. The record reveals that there were a total of two letters sent to the complainant in this case regarding his ability to rebut his employer's answer. The first advised him to telephone for an appointment to review his file and offer a rebuttal, but when the complaint instead elected to have a copy of the employer's answer sent to him for comment, the division agreed. This was done and the accompanying letter reminded the complainant that a rebuttal to the answer was in order. None was received, however, although the division waited for nearly a year. Finally, when given a further opportunity to submit a copy of his rebuttal on October 4, 1979, the complainant refused. According to the division's own regulations, the investigation of a complaint "may be made by field visit, written or oral inquiry, conference, or any other method or combination thereof deemed suitable *in the discretion of the regional director or the director of regional affairs*" (9 NYCRR 465.6 [b]; emphasis supplied). In addition, the rules specifically require that the complainant "shall have *an opportunity* to rebut evidence

submitted by or obtained from the respondent before any determination dismissing a complaint for no probable cause is made" (9 NYCRR 465.6 [c]; emphasis supplied). Finally, section 297-a (subd 7, pars d, e) of the Executive Law provides, in pertinent part, that on an appeal from a division order the appeal board shall limit its review to whether the order of the division is "supported by substantial evidence on the whole record" or whether it is "arbitrary, capricious or characterized by [an] abuse of discretion". The discretion accorded to the division was not abused in the instant case, and in reaching a contrary conclusion, the appeal board "impermissibly exceeded the limited scope of its own review and substituted its own judgment for that of the Division" *(Wyckoff Hgts. Hosp. v State Div. of Human Rights,* 38 AD2d 596, 597; Executive Law, § 297-a, subd 7). Thus, it was the complainant who failed to support his own case by failing or refusing to rebut his employer's answer, despite being given ample opportunity for doing so. Moreover, the division did not act precipitately in terminating its investigation of the instant matter, but waited for nearly a year for the complainant's reply. Finally, on the state of the record before the division, it cannot be said that its finding of no probable cause was unsupported by substantial evidence (see *Matter of Taber v New York State Human Rights Appeal Bd.,* 64 AD2d 990; *State Div. of Human Rights v Bond, Schoeneck & King,* 52 AD2d 1045). Mangano, J.P., Gibbons, Gulotta and O'Connor, JJ., concur.