■ In the Matter of JOSEPH TIRINO, Petitioner, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER, Respondent. — Proceeding pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated May 19, 1983, which affirmed a determination of the State Division of Human Rights finding no probable cause to believe that the respondent, Long Island Jewish-Hillside Medical Center, engaged in an unlawful discriminatory practice. Determination confirmed and proceeding dismissed, without costs or disbursements. The record indicates that the division's field representative investigated the allegations of age discrimination in the complaint by reviewing the complaint itself and a letter from the associate personnel director of Long Island Jewish-Hillside Medical Center, by interviewing the associate personnel director, and by speaking with complainant when he visited the division office to review his file. Apparently, the field representative also reviewed a rebuttal letter from complainant's attorney. This letter was allegedly mailed to the division in December, 1981. In February, 1982, about one month after the division had issued its determination in this matter, complainant sent the division a copy of the letter, and asked that the matter be reopened so that the division could consider its contents. It seems that the field representative reviewed this letter at that time, although the matter was not reopened. The discretion accorded to the division in making its investigation was not abused in this case (see 9 NYCRR 465.6 [b]). Although the investigation of the complaint alleging age discrimination was not extensive, it was nevertheless not so abbreviated and one-sided that it resulted in a record which did not afford a reasonable basis for an administrative determination. (Cf. *Belgrave v State Div. of Human Rights*, 68 AD2d 922; *Tenenbaum v State Div. of Human Rights*, 50 AD2d 257.) Finally, on the state of the record before the division, it cannot be said that its finding of no probable cause was unsupported by substantial evidence. (See *Distrigas of N. Y. Corp. v New York State Human Rights Appeal Bd.*, 80 AD2d 881.) Titone, J. P., Lazer, Mangano and Thompson, JJ., concur.