■ In the Matter of BALTFRIET VERDERBER, Petitioner, v ROECHLING STEEL, INCORPORATED, Respondent.

The record indicates that the division's human rights specialist investigated the allegation of sexual discrimination in the complaint by reviewing the complaint itself, by speaking with complainant when he called to clarify his complaint, by reviewing the affidavits of the only other full-time employees in respondent's office (i.e., complainant's superior, who fired complainant and complainant's co-worker), by speaking with and reading a letter submitted by respondent's attorney, by speaking with a former part-time employee of respondent at the request of complainant, and by reading a letter from complainant's attorney. We cannot say that the discretion accorded to the

division in making its investigation was abused (*see,* 9 NYCRR 465.6 [b]), or that the investigation was so abbreviated and one-sided that it resulted in a record which did not afford a reasonable basis for an administrative determination (*Matter of Tirino v Long Is. Jewish-Hillside Med. Center,* 99 AD2d 513; *cf. Rush v State Human Rights Appeal Bd.,* 108 AD2d 805). On the state of the record before the division, it cannot be said that its finding of no probable cause was unsupported by substantial evidence (*see, State Div. of Human Rights v Oswald Hof Brau Haus,* 91 AD2d 865; *State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276; *Matter of New York City Bd. of Educ. v Batista,* 54 NY2d 379). Titone, J. P., Bracken, Rubin and Lawrence, JJ., concur.