■ CHUNG H. LEE, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding pursuant to Executive Law § 298 to review a determination of the New York State Human Rights Appeal Board dated May 30, 1984, which affirmed a determination of the New York State Division of Human Rights finding no probable cause to believe that the respondent International Business Machines Corporation (IBM) engaged in an unlawful discriminatory practice.

Determination confirmed and proceeding dismissed, without costs or disbursements.

After a complaint alleging an unlawful discriminatory practice (Executive Law § 296) is filed with the New York State

Division of Human Rights, the regional director of the division office in which the complaint is filed must make, with the assistance of staff, a "prompt and fair investigation" (9 NYCRR 465.6 [a]). Such investigation is to be made by any method deemed suitable in the discretion of the regional director (9 NYCRR 465.6 [b]; *Distrigas of N. Y. Corp. v New York State Human Rights Appeal Bd.,* 80 AD2d 881). In this case, the investigation was conducted by a division staff member who reviewed a lengthy position paper submitted by respondent IBM to which petitioner made a lengthy response. Petitioner subsequently submitted three additional letters in response to inquires from the division representative. This investigation revealed that it was uncontradicted that on February 16, 1981, a dangerous chemical was discovered in petitioner's lab coat locker. Petitioner's possession of that chemical was a violation of IBM's safety regulations. Petitioner claims that the poisonous substance was planted and that he was the victim of a "frame". However, the investigation further revealed that petitioner admitted to at least one prior safety violation and claimed to have no recollection of other prior violations alleged by IBM. Nor did petitioner dispute that as the result of one of those prior violations, he was placed on notice that another infraction would result in his dismissal. The information submitted by petitioner in support of his claim that his dismissal was based on his race is vague and uncorroborated. We find, in light of the foregoing, that there was a reasonable basis for the administrative determination that there was no probable cause to believe that IBM engaged in an unlawful discriminatory practice. Although in some respects it was not extensive, the investigation was not so one-sided as to render the determination based upon it arbitrary or capricious (*Matter of Tirino v Long Is. Jewish-Hillside Med. Center,* 99 AD2d 513; cf. *Belgrave v State Div. of Human Rights,* 68 AD2d 922). Mangano, J. P., Gibbons, Bracken and Kunzeman, JJ., concur.