■ In the Matter of ATUL PATEL, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [624 NYS2d 613] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Human Rights, dated November 17, 1992, which dismissed the petitioner's complaint upon a finding of no probable cause to believe that the respondent Grumman Aerospace Corporation had engaged in any unlawful discriminatory practices relating to employment, the petitioner appeals from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered March 15, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs payable to the respondent Grumman Aerospace Corporation.

The determination of the New York State Division of Human Rights that the petitioner was not the victim of unlawful

discrimination had a rational basis, was not arbitrary and capricious, and was supported by substantial evidence *(see,* CPLR 7803 [3], [4]; Executive Law § 298; *Matter of Bolecek v State of New York,* 151 AD2d 478). The petitioner failed to meet his burden of showing that the independent, legitimate and nondiscriminatory reasons proffered by the respondent employer for denying the petitioner's application for a promotion and for terminating his employment were not its true reasons but merely a pretext for discrimination *(see, Texas Dept. of Community Affairs v Burdine,* 450 US 248, 253; *Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937; *Matter of Talt v State Div. of Human Rights,* 156 AD2d 569). Additionally, the petitioner was given a full and fair opportunity at the investigatory conference to present evidence on her behalf and to rebut the evidence presented by the respondent employer *(see, Matter of Kushnir v New York State Div. of Human Rights,* 114 AD2d 898). Contrary to the petitioner's contention, a hearing is required only if the complaint is not dismissed *(see,* Executive Law § 297 [4] [a]; *State Div. of Human Rights v Genesee Hosp.,* 50 NY2d 113, 118-119).

The petitioner's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Thompson, Santucci and Joy, JJ., concur.