■ In the Matter of MARIA-TERESA RAUCH, Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent, and PEPSI BOTTLING GROUP, INC., Appellant. [900 NYS2d 735]—In a proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated February 25, 2008, which dismissed the petitioner's administrative complaint, upon a finding that there was no probable cause to believe that Pepsi Bottling Group, Inc., engaged in an unlawful discriminatory practice in terminating the petitioner's employment, Pepsi Bottling Group, Inc., appeals from a judgment of the Supreme Court, Westchester County (R. Bellantoni, J.), entered March 20, 2009, which granted the petition, annulled the determination, and remitted the matter to the New York State Division of Human Rights for an evidentiary hearing on the petitioner's administrative complaint.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The determination of no probable cause by the New York State Division of Human Rights (hereinafter the SDHR), made after a fact-finding conference, was not arbitrary and capricious, and had a rational basis (*see Matter of Maltsev v New York State Div. of Human Rights*, 31 AD3d 641 [2006]; *Matter of Pathak v New York State Div. of Human Rights*, 13 AD3d 634 [2004]). The SDHR has broad discretion in the conduct of its investigations (*see* 9 NYCRR 465.6; *Matter of Maltsev v New York State Div. of Human Rights*, 31 AD3d 641 [2006]; *Matter of Bazile v Acinapura*, 225 AD2d 764, 765 [1996]). The petitioner had a full opportunity to present her case to the SDHR, made numerous submissions, and participated in the fact-finding conference (*see Matter of Hilal v New York State Div. of Human Rights*, 57 AD3d 898 [2008]; *Matter of Maltsev v New York State Div. of Human Rights*, 31 AD3d 641 [2006]; *Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484 [2003]; *Matter of Cornelius v New York State Div. of Human Rights*, 286 AD2d 329, 330 [2001]).

Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.

The appellant's remaining contentions have been rendered academic. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.