In the Matter of JOSEPH ROMAIN, Appellant, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [962 NYS2d 159]—

In a proceeding, in effect, pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated June 28, 2011, which dismissed the petitioner's administrative complaint, upon a finding that there was no probable cause to believe that Capital One, N.A., doing business as Capital One Bank, engaged in an unlawful discriminatory practice in terminating the petitioner's employment, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Adams, J.), entered October 28, 2011, which denied the amended petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The determination of no probable cause by the New York State Division of Human Rights (hereinafter the SDHR) should be upheld unless it is arbitrary and capricious, or lacking a rational basis in the record (*see Matter of Rauch v New York State Div. of Human Rights*, 73 AD3d 930, 930 [2010]; *Matter of Maltsev v New York State Div. of Human Rights*, 31 AD3d 641, 641 [2006]). Under the "arbitrary and capricious" standard, a determination should not be disturbed unless "the agency's ac-

tion was 'arbitrary, unreasonable, irrational or indicative of bad faith' " (*Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005], quoting *Matter of Cowan v Kern*, 41 NY2d 591, 599 [1977]). The SDHR has broad discretion in conducting its investigations (*see Matter of Rauch v New York State Div. of Human Rights*, 73 AD3d at 930). Here, the determination of no probable cause was not arbitrary and capricious, and had a rational basis. Moreover, contrary to the petitioner's contention, he had a full opportunity to present his case, making numerous submissions by letter dated March 10, 2010, and participating in two conferences (*see id.*; *Matter of Maltsev v New York State Div. of Human Rights*, 31 AD3d at 641).

Accordingly, the Supreme Court properly denied the amended petition and dismissed the proceeding. Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur.