■ In the Matter of FRANK CAPPUCCIA, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [30 NYS3d 892]—

In a proceeding pursuant to Executive Law § 298 and CPLR article 78 to review a determination of the New York State Division of Human Rights dated September 20, 2012, dismissing the petitioner's administrative complaint, the petitioner appeals from a judgment of the Supreme Court, Queens County (Raffaele, J.), entered January 17, 2014, which, upon a decision of the same court entered June 27, 2013, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was employed as a security guard by the

respondent Alante Security Group, Inc. (hereinafter Alante), from January 2010 until his discharge in December 2011. In March 2012, the petitioner filed a complaint with the New York State Division of Human Rights (hereinafter the SDHR) against Alante, his former supervisor Pedro Rodriguez, and Alante manager Nathan Roman, alleging that the circumstances under which he was discharged were unlawfully discriminatory and retaliatory. Following an investigation that included fact-finding conferences, interviews of various witnesses, and submissions by the parties, the SDHR issued a determination that there was no probable cause to believe that Alante engaged in an unlawful discriminatory practice in terminating the petitioner's employment. The petitioner then commenced this proceeding pursuant to Executive Law § 298 and CPLR article 78, contending that the SDHR's probable cause determination was arbitrary and capricious and lacking a rational basis in the record.

Contrary to the petitioner's contention, the Supreme Court properly concluded that the SDHR's determination of no probable cause, made after a thorough investigation and fact-finding conferences, was not arbitrary and capricious or lacking a rational basis in the record (*see Matter of Gordon v New York State Div. of Human Rights*, 126 AD3d 697, 698 [2015]; *Matter of Knight v New York State Div. of Human Rights*, 118 AD3d 791 [2014]; *Matter of Rauch v New York State Div. of Human Rights*, 73 AD3d 930, 930-931 [2010]). The SDHR has broad discretion in the conduct of its investigations (*see* 9 NYCRR 465.6; *Matter of Vora v New York State Div. of Human Rights*, 103 AD3d 739 [2013]; *Matter of Rauch v New York State Div. of Human Rights*, 73 AD3d at 930). Here, the petitioner had a full opportunity to present his case to the SDHR, made various submissions, and participated in a fact-finding conference with his attorney present (*see Matter of Vora v New York State Div. of Human Rights*, 103 AD3d at 739; *Matter of Romain v State Div. of Human Rights*, 103 AD3d 730, 731 [2013]; *Matter of Rauch v New York State Div. of Human Rights*, 73 AD3d at 930). Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding. Eng, P.J., Mastro, Maltese and LaSalle, JJ., concur.