█ In the Matter of JASBRINDER S. SAHNI, Appellant, v HELEN DIANE FOSTER, as Acting Commissioner of the New York State Division of Human Rights, et al., Respondents. [42 NYS3d 343]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the New York State Division of Human Rights dated November 1, 2013, dismissing the petitioner's administrative complaint upon a finding that there was no probable cause to believe that the respondent Legal Services of the Hudson Valley engaged in unlawful discriminatory practices against him, and a determination of the New York State Division of Human Rights dated November 22, 2013, denying his request to review the determination dated November 1, 2013, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Warhit, J.), dated July 7, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was employed as an attorney handling mortgage foreclosures in the White Plains office of the respondent Legal Services of the Hudson Valley (hereinafter LSHV). In December 2011, he was transferred to LSHV's Mount Vernon office, and in April 2012, he was suspended without pay for seven days. In May 2013, the petitioner filed an administrative complaint with the New York State Division of Human Rights (hereinafter the DHR) against LSHV, alleging that he was a 46-year-old male of Indian national origin, and that the circumstances of his transfer and suspension were discriminatory in that they were based on his age, race or color, and

national origin. In its response to the administrative complaint, LSHV alleged that the petitioner was transferred because LSHV lost its funding for its mortgage foreclosure program in December 2011, and that the petitioner received his seven-day suspension after receiving numerous warnings about his job performance and behavior.

Following an investigation, which included extensive submissions by the parties, including information concerning the age, race, and gender of employees at the offices of LSHV in Mount Vernon and White Plains, the DHR issued a determination dismissing the petitioner's administrative complaint upon a finding that there was no probable cause to believe that LSHV had engaged in an unlawful discriminatory practice. The DHR subsequently denied his request to review the determination. The petitioner then commenced this proceeding, inter alia, pursuant to CPLR article 78, contending that the determinations were arbitrary and capricious and lacked a rational basis in the record. The Supreme Court denied the petition and dismissed the proceeding, and the petitioner appeals.

The DHR has broad discretion in conducting its investigations (*see Matter of Vora v New York State Div. of Human Rights*, 103 AD3d 739 [2013]; *Matter of Rauch v New York State Div. of Human Rights*, 73 AD3d 930 [2010]). Contrary to the petitioner's contention, the record reflects that the DHR's investigation was sufficient and was not " 'abbreviated or one-sided' " (*Matter of Pajooh v State Div. of Human Rights*, 82 AD3d 609, 609 [2011], quoting *Matter of Pascual v New York State Div. of Human Rights*, 37 AD3d 215, 216 [2007]; *see Matter of Knight v New York State Div. of Human Rights*, 118 AD3d 791, 792 [2014]).

Where, as here, the DHR renders a determination of no probable cause without holding a hearing, the appropriate standard of review is whether the probable cause determination was arbitrary and capricious or lacking a rational basis (*see Matter of Ramirez v New York State Div. of Human Rights*, 4 NY3d 789, 790 [2005]; *Matter of Orosz v New York State Div. of Human Rights*, 88 AD3d 798, 798-799 [2011]). Here, the DHR's determination that there was no probable cause was not arbitrary and capricious or lacking a rational basis in the record (*see Matter of Gordon v New York State Div. of Human Rights*, 126 AD3d 697, 698 [2015]; *Matter of Knight v New York State Div. of Human Rights*, 118 AD3d 791 [2014]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding (*see Matter of Orosz v New York State Div. of Human Rights*, 88 AD3d at 798-799; *Matter of*

*Rauch v New York State Div. of Human Rights*, 73 AD3d at 931). Rivera, J.P., Roman, Cohen and Miller, JJ., concur.