Matter of Lewis v New York State Div. of Human Rights (2018 NY Slip Op 05309)





Matter of Lewis v New York State Div. of Human Rights


2018 NY Slip Op 05309


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-03105
 (Index No. 15156/15)

[*1]In the Matter of Andriana Lewis, appellant, 
v
New York State Division of Human Rights, et al., respondents.


Glass Krakower LLP, New York, NY (Bryan D. Glass of counsel), for appellant.
Martin Clearwater & Bell LLP, New York, NY (Barbara D. Goldberg and Gregory B. Reilly of counsel), for respondent Jamaica Hospital Nursing Home.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Human Rights dated October 28, 2015, the petitioner appeals from a judgment of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered February 14, 2017. The judgment denied the petition and dismissed the proceeding on the merits.
ORDERED that the judgment is affirmed, with costs.
In May 2015, the petitioner filed a complaint with the New York State Division of Human Rights (hereinafter the DHR) against her former employer, the respondent Jamaica Hospital Nursing Home (hereinafter JHNH), alleging that JHNH unlawfully discriminated and retaliated against her. In a determination dated October 28, 2015, the DHR dismissed the complaint, finding no probable cause to believe that JHNH unlawfully discriminated or retaliated against the petitioner. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the DHR's determination. The Supreme Court denied the petition and dismissed the proceeding on the merits. The petitioner appeals, and we affirm.
Where, as in this case, the DHR renders a determination of no probable cause without holding a hearing, the proper standard of review is whether the determination was arbitrary and capricious or lacked a rational basis (see Matter of Pastor v Partnership for Children's Rights, 159 AD3d 910, 911; Matter of Steinberg-Fisher v North Shore Towers Apts., Inc., 149 AD3d 848, 850; Matter of Gordon v New York State Div. of Human Rights, 126 AD3d 697, 698). The DHR's [*2]determination is entitled to considerable deference given its expertise in evaluating discrimination claims (see Matter of Baird v New York State Div. of Human Rights, 100 AD3d 880, 881; Matter of Camp v New York State Div. of Human Rights, 300 AD2d 481, 482). Moreover, the DHR has broad discretion in conducting its investigations (see 9 NYCRR 465.6; Matter of Sahni v Foster, 145 AD3d 733, 734; Matter of Cappuccia v New York State Div. of Human Rights, 140 AD3d 750, 751; Matter of Vora v New York State Div. of Human Rights, 103 AD3d 739).
Here, contrary to the petitioner's contention, the record demonstrates that the DHR conducted an adequate investigation of her complaint that was neither abbreviated nor one-sided. The petitioner was afforded a full and fair opportunity to present her claim and supporting submissions, and to rebut the submissions of JHNH in opposition to her complaint (see generally Matter of Baird v New York State Div. of Human Rights, 100 AD3d at 881; Matter of Orosz v New York State Div. of Human Rights, 88 AD3d 798, 798-799; Matter of Maltsev v New York State Div. of Human Rights, 31 AD3d 641; Lee v New York State Human Rights Appeal Bd., 111 AD2d 748, 749). Furthermore, contrary to the petitioner's contention, a prior administrative determination regarding an application by the petitioner for unemployment insurance benefits did not preclude the determination at issue herein (see Labor Law § 623[2]; Matter of Strong v New York City Dept. of Educ., 62 AD3d 592, 593; Wooten v New York City Dept. of Gen. Servs., 207 AD2d 754). Since the record demonstrates that the DHR's determination was neither arbitrary and capricious nor lacked a rational basis, the Supreme Court properly denied the petition and dismissed the proceeding on the merits (see Matter of Pastor v Partnership for Children's Rights, 159 AD3d at 911; Matter of Sahni v Foster, 145 AD3d at 734; Matter of Cappuccia v New York State Div. of Human Rights, 140 AD3d at 751).
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court