Matter of Horowitz v Foster (2020 NY Slip Op 01062)





Matter of Horowitz v Foster


2020 NY Slip Op 01062


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-07599
 (Index No. 10925/15)

[*1]In the Matter of Stacey Horowitz, appellant,
v
Helen Diane Foster, etc., respondent, New York Institute of Technology, respondent-respondent. IM Law Group, P.C., Cedarhurst, NY (Igor Meystelman of counsel), for appellant.


Norton Rose Fulbright US LLP, New York, NY (Neil G. Sparber and Samantha Beltre of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Human Rights dated October 21, 2015, dismissing the petitioner's administrative complaint upon a finding that there was no probable cause to believe that the respondent New York Institute of Technology engaged in an unlawful discriminatory practice, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered May 18, 2017. The order and judgment, insofar as appealed from, granted that branch of the cross motion of the respondent New York Institute of Technology which was pursuant to CPLR 3211(a)(5) to dismiss the petition as time-barred and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting that branch of the cross motion of the respondent New York Institute of Technology which was pursuant to CPLR 3211(a)(5) to dismiss the petition as time-barred, and substituting therefor a provision denying that branch of the cross motion, and (2) by adding thereto a provision denying the petition on the merits; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the respondent New York Institute of Technology payable by the petitioner.
In May 2013, the petitioner was dismissed from a Master's program at the respondent New York Institute of Technology (hereinafter NYIT) on the basis that she had failed two courses in the spring 2013 semester and had failed to adhere to the policies of the college relating to professional behavior. The petitioner filed an administrative complaint with the New York State Division of Human Rights (hereinafter the NYSDHR), alleging that her dismissal was the result of NYIT's unlawful discriminatory practices relating to her age, disability, and marital status. The NYSDHR issued a determination dated June 30, 2014, finding that there was no probable cause to believe that NYIT had engaged in an unlawful discriminatory practice. The petitioner commenced a proceeding pursuant to CPLR article 78 to review that determination. In an order and judgment dated February 19, 2015, the Supreme Court concluded that the determination dated June 30, 2014, was arbitrary and capricious and without a rational basis. The court, inter alia, granted the petition and remitted the matter to the NYSDHR to conduct a two-party fact-finding conference.
After the two-party fact-finding conference, the NYSDHR issued a second determination, dated October 21, 2015, finding that there was no probable cause to believe that NYIT had engaged in an unlawful discriminatory practice. The petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the NYSDHR's second determination. NYIT cross-moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the petition as time-barred. In an order and judgment entered May 18, 2017, the Supreme Court, among other things, granted that branch of NYIT's cross motion which was pursuant to CPLR 3211(a)(5) to dismiss the petition and, in effect, dismissed the proceeding. The petitioner appeals.
Where a proceeding is brought to review a determination of the NYSDHR, the applicable statute of limitations is 60 days after service of the determination (see Executive Law § 298; Matter of Gil v New York State Div. of Human Rights, 17 AD3d 365, 366). "To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing prima facie, that the time in which to sue has expired" (Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 850). Here, NYIT failed to meet its initial burden of establishing that the time in which to commence the proceeding had expired (see id. at 851). Accordingly, the Supreme Court should not have granted that branch of NYIT's cross motion which was pursuant to CPLR 3211(a)(5) to dismiss the petition as time-barred.
While the Supreme Court did not address the merits of the petition, we may do so where, as here, "the dispositive facts were undisputed and the arguments of the parties with respect to the merits of the proceeding were fully set forth in the record before the Supreme Court" (Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 98 AD3d 1049, 1051; see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 101-102).
"Where, as here, the [NYSDHR] renders a determination of no probable cause without holding a hearing, the appropriate standard of review is whether the probable cause determination was arbitrary and capricious or lacking a rational basis" (Matter of Sahni v Foster, 145 AD3d 733, 734). "The [NYSDHR] has broad discretion to determine the method to be employed in investigating complaints, and its determinations are entitled to considerable deference due to its expertise in evaluating discrimination claims" (see Matter of Camp v New York State Div. of Human Rights, 300 AD2d 481, 481-482 [citations omitted]).
Given that the NYSDHR held a two-party fact-finding conference, allowed both parties to present their positions and submit documentation, interviewed three witnesses, reviewed documents and data provided by both parties, and identified a nondiscriminatory reason for NYIT's expulsion of the petitioner, its determination was based on a sufficient investigation, was not arbitrary and capricious, and had a rational basis (see Matter of Knight v New York State Div. of Human Rights, 118 AD3d 791, 791-792; Matter of Romain v State Div. of Human Rights, 103 AD3d 730, 731; Matter of Rauch v New York State Div. of Human Rights, 73 AD3d 930, 930; Matter of Maltsev v New York State Div. of Human Rights, 31 AD3d 641, 641; Matter of Pathak v New York State Div. of Human Rights, 13 AD3d 634, 635; Matter of Patel v New York State Div. of Human Rights, 212 AD2d 715, 716).
Accordingly, since the NYSDHR's determination had a rational basis and was not arbitrary and capricious, the petition should have been denied on the merits (see Matter of Pathak v New York State Div. of Human Rights, 13 AD3d at 635).
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court