Matter of Meyer v Foster (2020 NY Slip Op 05757)





Matter of Meyer v Foster


2020 NY Slip Op 05757


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-03349
 (Index No. 523904/18)

[*1]In the Matter of Jill S. Meyer, etc., appellant,
v
Helen Diane Foster, etc., et al., respondents.


Wolin & Wolin, Jericho, NY (Alan E. Wolin of counsel), for appellant.
Garfunkel Wild, P.C., Great Neck, NY (Jason Hsi of counsel), for respondent Kingsbrook Jewish Medical Center.



DECISION & ORDER
In a proceeding pursuant to Executive Law § 298 and CPLR article 78 to review a determination of the New York State Division of Human Rights dated October 9, 2018, dismissing the petitioner's administrative complaint, the petitioner appeals from a judgment of the Supreme Court, Queens County (Karen B. Rothenberg, J.), dated January 24, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner filed a complaint with the New York State Division of Human Rights (hereinafter SDHR) alleging that the respondent Kingsbrook Jewish Medical Center (hereinafter Kingsbrook) unlawfully discriminated against her. In a determination dated October 9, 2018, the SDHR dismissed the complaint without a hearing, finding no probable cause to believe that Kingsbrook unlawfully discriminated against the petitioner. The petitioner subsequently commenced this proceeding to review the SDHR's determination. The Supreme Court denied the petition and dismissed the proceeding on the merits. The petitioner appeals.
Where, as here, the SDHR renders a determination of no probable cause without holding a hearing, the proper standard of review is whether the determination was arbitrary and capricious or lacked a rational basis (see Matter of Lewis v New York State Div. of Human Rights, 163 AD3d 818; Matter of Pastor v Partnership for Children's Rights, 159 AD3d 910, 911; Matter of Steinberg-Fisher v North Shore Towers Apts., Inc., 149 AD3d 848, 850; Matter of Gordon v New York State Div. of Human Rights, 126 AD3d 697, 698). The SDHR's determination is entitled to considerable deference given its expertise in evaluating discrimination claims (see Matter of Lewis v New York State Div. of Human Rights, 163 AD3d 818; Matter of Baird v New York State Div. of Human Rights, 100 AD3d 880, 881; Matter of Camp v New York State Div. of Human Rights, 300 AD2d 481). Moreover, the SDHR has broad discretion in conducting its investigations (see 9 NYCRR 465.6; Matter of Lewis v New York State Div. of Human Rights, 163 AD3d 818; Matter of Sahni v Foster, 145 AD3d 733, 734; Matter of Cappuccia v New York State Div. of Human Rights, 140 AD3d 750, 751; Matter of Vora v New York State Div. of Human Rights, 103 AD3d 739).
Here, contrary to the petitioner's contention, the record demonstrates that the SDHR [*2]conducted an adequate investigation of her complaint. The petitioner was afforded a full and fair opportunity to present her claim and supporting submissions, and to rebut the submissions of Kingsbrook in opposition to her complaint (see generally Matter of Baird v New York State Div. of Human Rights, 100 AD3d at 881; Matter of Orosz v New York State Div. of Human Rights, 88 AD3d 798, 798-799; Matter of Maltsev v New York State Div. of Human Rights, 31 AD3d 641). The investigation was neither abbreviated nor one-sided. Since the record demonstrates that the SDHR's determination was neither arbitrary and capricious nor lacked a rational basis, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding on the merits (see Matter of Lewis v New York State Div. of Human Rights, 163 AD3d 818; Matter of Pastor v Partnership for Children's Rights, 159 AD3d at 911; Matter of Sahni v Foster, 145 AD3d at 734).
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court