Matter of Ackerman v New York State Div. of Human Rights (2021 NY Slip Op 04912)





Matter of Ackerman v New York State Div. of Human Rights


2021 NY Slip Op 04912


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING, JJ.


2017-09499
 (Index No. 9061/15)

[*1]In the Matter of David Ackerman, appellant,
v
New York State Division of Human Rights, et al., respondents.


David Ackerman, Brooklyn, NY, appellant pro se.
Caroline J. Downey, Bronx, NY (Aaron M. Woskoff of counsel), for respondent New York State Division of Human Rights.



DECISION & ORDER
In a proceeding pursuant to Executive Law § 298 and CPLR article 78 to review a determination of the respondent New York State Division of Human Rights dated May 18, 2015, dismissing the petitioner's administrative complaint upon a finding that there was no probable cause to believe that the respondents Sarah Berkowitz and Concepts of Independence, Inc., engaged in an unlawful discriminatory practice, the petitioner appeals from a judgment of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated July 5, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
Where, as in this case, the respondent New York State Division of Human Rights (hereinafter the DHR) renders a determination of no probable cause without holding a hearing, the proper standard of review is whether the determination was arbitrary and capricious or lacked a rational basis (see Matter of Pastor v Partnership for Children's Rights, 159 AD3d 910, 911; Matter of Steinberg-Fisher v North Shore Towers Apts., Inc., 149 AD3d 848, 850; Matter of Gordon v New York State Div. of Human Rights, 126 AD3d 697, 698). Here, the Supreme Court properly concluded that the determination of no probable cause made by the DHR was not arbitrary and capricious or lacking a rational basis in the record.
Moreover, the DHR has broad discretion to determine its method of investigating complaints (see 9 NYCRR 465.6[b]; Matter of Horowitz v Foster, 180 AD3d 783, 784-785; Matter of Camp v New York State Div. of Human Rights, 300 AD2d 481, 481-482; Lee v New York State Human Rights Appeal Bd., 111 AD2d 748, 749; Matter of Verderber v Roechling Steel, 110 AD2d 705, 705-706). Here, the record demonstrates that the DHR conducted an adequate investigation of the petitioner's complaint that was neither abbreviated nor one-sided (see Matter of Lewis v New York State Div. of Human Rights, 163 AD3d 818, 819). The petitioner was afforded a full and fair opportunity to present his claim and supporting submissions, and to rebut the submissions made in opposition to his complaint (see generally Matter of Baird v New York State Div. of Human Rights, 100 AD3d 880, 881; Matter of Orosz v New York State Div. of Human Rights, 88 AD3d 798, 798-799; Matter of Maltsev v New York State Div. of Human Rights, 31 AD3d 641; Lee v New York [*2]State Human Rights Appeal Bd., 111 AD2d at 749).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court